UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED SITE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKYLER HADLOCK, an individual, STEED METALS ROCK SPRINGS, LLC, a Wyoming limited liability company, and ATLAS DISPOSAL OF UTAH, LLC, a Utah limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [58] PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT OF A SUM CERTAIN AMOUNT AGAINST SKYLER HADLOCK**<br><br>Case No. 1:24-cv-00170-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Plaintiff United Site Services, Inc.'s ("USS") Renewed Motion for Default Judgment of a Sum Certain Amount Against Skyler Hadlock ("Motion").[1] For the reasons below, the court grants the Motion.

## BACKGROUND

On January 17, 2025, Plaintiff filed a Motion for Default Judgment of a Sum Certain Amount Against Skyler Hadlock.[2] The court denied the motion without prejudice, concluding that USS had not met the requirements of a sum certain amount because USS did not describe how it calculated the amounts it sought against Mr. Hadlock.[3] On June 2, 2025, the Clerk of

---

[1] Renewed Mot. for Default J. of a Sum Certain Amount Against Skyler Hadlock ("Mot."), ECF No. 58, filed October 31, 2025.
[2] Mot. for Default J. of a Sum Certain Amount Against Skyler Hadlock, ECF No. 33, filed January 17, 2025.
[3] Order Denying Without Prejudice Motion for Entry of Default Judgment of a Sum Certain Amount Against Skyler Hadlock, ECF No. 54, filed May 9, 2025.

Court entered a default certificate as to Skyler Hadlock.[4] USS again moved for entry of default judgment, renewing its previous motion, on October 31, 2025.[5] Specifically, USS requests default judgment against Mr. Hadlock in the following amounts:

a. $70,060 in unauthorized charges for online gambling;

b. $8,987.80 in fraudulent charges to Mr. Hadlock's fictional towing company;

c. $35,137.27 in fraudulent rental car invoices for Mr. Hadlock's personal use of rental vehicles;

d. $600 for the unauthorized sale of a USS-owned trailer;

e. $26,682.00 for the unauthorized sale of USS-owned recycling materials;

f. $264,120.00 for the unauthorized sale of 40 USS-owned roll-off cans to Steed Metals Rock Springs, LLC.

In total, USS seeks the sum certain amount of $404,804.08 against Mr. Hadlock.[6]

## STANDARD

As a threshold matter, the court must ascertain that jurisdiction exists to enter default judgment. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[7] By reviewing personal jurisdiction, "the court exercises its responsibility to determine that it has the power to enter the default judgment."[8] And "the

---

[4] Clerk's Entry of Default Certificate as to Skyler Hadlock, ECF No. 56, filed June 2, 2025.
[5] *See* Mot.
[6] *Id.* 3–4.
[7] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[8] *Id.*

plaintiff need only make a prima facie showing on these two questions if the motion is decided only on the basis of the parties' affidavits and other written materials."[9]

Subject matter jurisdiction exists under 28 U.S.C. § 1332(a) because there is diversity of citizenship and because USS seeks a sum exceeding $75,000.[10] USS is a Delaware corporation with its principal place of business in Massachusetts.[11] Mr. Hadlock is a Utah resident, which also allows the court to assert personal jurisdiction over him.[12] Finding that subject matter and personal jurisdiction exist, the court turns to the matter of default judgment.

## DISCUSSION

Once default has been entered by the clerk, a party may apply to the court for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure.[13] "Default judgment cannot be entered until the amount of damages has been ascertained."[14] Rule 55(b)(2)(B) provides that the court "may conduct hearings" to assist in the determination of damages, but a court need not hold a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."[15] A court "must not blindly approve requested damages, but rather, evaluate requests to ensure that any award is 'supported by actual proof.'"[16] "One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof."[17] "The court may consider exhibits, such as

---

[9] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).
[10] *See* 28 U.S.C. § 1332(a); Mot. 5.
[11] *See* Second Am. Compl. ¶ 10, ECF No. 30, filed Jan. 9, 2025.
[12] *See id.* ¶¶ 3, 16.
[13] Fed. R. Civ. P. 55(a)–(b).
[14] *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 973 (D. Wyo. 2022).
[15] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing Fed. R. Civ. P. 55(b)(2)) (also citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).
[16] *Minden Pictures, Inc. v. Buzznick, LLC*, No. 2:22-cv-00369, 2023 WL 2243177, at *3 (D. Utah Feb. 27, 2023) (quoting *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886, 2018 WL 2018066, at *6 (D. Utah May 1, 2018)).
[17] *Stampin' Up!, Inc.*, 2018 WL 2018066, at *6 (quotation marks and citation omitted).

affidavits and declarations, when evaluating a motion for default judgment."[18] Whether to enter a default judgment lies within the court's "sound discretion."[19]

Here, USS's motion includes documentary evidence and a declaration from Joseph Azzarone, a USS employee who reviewed Mr. Hadlock's USS-issued JP Morgan credit card statements and other USS financial records.[20] The court turns to the evidence for each of the six requested damages amounts to determine whether the amounts are "supported by actual proof."[21]

First, USS seeks $70,060 in unauthorized charges made by Mr. Hadlock for online gambling.[22] For support, USS provides Mr. Azzarone's testimony that Mr. Hadlock made unauthorized gambling charges in the amount of $70,060 to "BREEZE*STAKE ALTAMONTE FL," an online gambling website.[23] USS also includes documentary support in the form of Mr. Hadlock's JP Morgan credit card statements ("Statements") from February, March, and April 2024 that show a total of $70,060 in charges to "BREEZE*STAKE ALTAMONTE FL."[24] Thus, the evidence supports this request.

Second, USS requests damages in the amount of $8,987.80 for fraudulent charges to Mr. Hadlock's fictional towing company.[25] Mr. Azzarone testified that Mr. Hadlock made unauthorized charges of $8,987.80 to "Skyler Towing," which he describes as a "fictional towing

---

[18] *Pure Maintenance Holdings, LLC v. Mold Zero Servs., LLC*, No. 1:25-cv-00111, 2025 WL 3282344, at *1 (D. Utah Nov. 25, 2025).
[19] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).
[20] Mot. 3, Ex. 2 Declaration of Joseph Azzarone in Support of Renewed Mot. for Default J. ("Azzarone Decl.") ¶¶ 6–7 & Exs. A–F, ECF 58-2, filed October 31, 2025.
[21] *Minden Pictures, Inc.*, 2023 WL 2243177, at *3.
[22] Mot. 3.
[23] Azzarone Decl. ¶ 7.
[24] *Id.*, Ex. A.
[25] Mot. 3.

company."[26] The attached January and February Statements show multiple charges to "Skyler Towing" and corroborate the testimony. Thus, the evidence supports this request.

Third, USS requests $35,137.27 in fraudulent rental car invoices for Mr. Hadlock's personal use of rental vehicles.[27] Mr. Azzarone testified that USS became aware of the unauthorized charges from reviewing statements and invoices submitted by Mr. Hadlock.[28] The invoices from Enterprise and Hertz rental car companies show a total of $35,137.27 in unauthorized charges by Mr. Hadlock, made over the span of two years.[29] Thus, the evidence supports this request.

Fourth, USS seeks $600 for the unauthorized sale of a USS-owned trailer.[30] Mr. Azzarone testified that USS purchased the trailer for $1,393.90 in December 2023 and that Mr. Hadlock sold the trailer without authorization and kept the proceeds of that sale.[31] The attached invoice shows that USS purchased the trailer for $1,393.90.[32] However, Mr. Azzarone does not explain how he knows that Mr. Hadlock "sold the trailer for $600." In other words, no basis is supplied for Mr. Azzarone's statement. Without more, USS has not provided a sufficient basis for this damages request.

Fifth, USS requests $26,682.00 for the unauthorized sale of USS-owned recycling materials.[33] According to Mr. Azzarone, USS became aware that Mr. Hadlock made an

---

[26] Azzarone Decl. ¶ 8, Ex. A.
[27] Mot. 4.
[28] Azzarone Decl. ¶ 9, Exs. B & C.
[29] *Id.*
[30] Mot. 4.
[31] Azzarone Decl. ¶ 10.
[32] Ex. D.
[33] Mot. 4.

unauthorized sale of USS-owned recycling materials and illegally retained the proceeds.[34] The attached exhibit shows the details of the sale, including the inventory and sales price for each item, totaling $26,682.00.[35] Thus, the evidence supports this request.

Finally, USS seeks $264,120.00 for the unauthorized sale of 40 USS-owned roll-off cans to Steed Metals Rock Springs, LLC.[36] In addition to Mr. Azzarone's affidavit, USS includes the July 25, 2023 invoice of the sale of the cans totaling $52,824.00.[37] Therefore, the evidence supports this request.

In sum, the Motion presents sufficient evidence to enter default judgment on all but the $600 for the unauthorized sale of the USS-owned trailer. Thus, USS is entitled to default judgment in the amount of $404,204.08.

---

[34] Azzarone Decl. ¶ 11.
[35] Ex. E.
[36] Mot. 4.
[37] Ex. F.

**ORDER**

Accordingly, the court GRANTS default judgment against Mr. Hadlock.[38] The court awards USS the sum certain amount of $404,204.08. Post-judgment interest will accrue at the statutory rate.

Signed December 3, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[38] ECF No. 58.